UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TONI TOSTON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL THURMER, <br> DON STRAHOTA, and <br> CAPTAIN JOHN O'DONOVAN, <br><br> Defendants. | Case No. 10-CV-288-JPS <br><br><br><br> ORDER |

The United States Court of Appeals for the Seventh Circuit has remanded this case for further proceedings on the plaintiff's due process claim that the prison should have notified inmates that they were not to copy certain passages from books that they checked out from the prison library. This claim was dismissed at screening as duplicative of the plaintiff's First Amendment claim. As such, there were no findings regarding whether the plaintiff's 90-day sentence to segregation was, or was not, a deprivation of liberty. This matter is now before the court on the defendants' second motion for summary judgment and the plaintiff's cross-motion for summary judgment.

1.  SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir.

2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

2. UNDISPUTED FACTS

In 2009, the plaintiff was sentenced to 90 days of disciplinary separation on Conduct Report Number 2011153, for possessing a handwritten copy of the Black Panther Party's 10 Point Program in his cell. The plaintiff served only 44 days in disciplinary separation status before being returned to the general population.

3. DISCUSSION

The defendants argue that they are entitled to summary judgment on the plaintiff's procedural due process claim because the 44 days the plaintiff spent in segregation did not implicate a protected liberty interest. Additionally, the defendants argue that the plaintiff may not recover compensatory or punitive damages and that they (the defendants) are entitled to qualified immunity. The plaintiff does not address the defendants' argument regarding whether he had a protected liberty interest; he submits that he is entitled to summary judgment on his due process claim for other reasons.

To be entitled to due process, a plaintiff must first show that he has a protected liberty interest. *Domka v. Portage County*, 523 F.3d 776, 779-80 (7th Cir. 2008); *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). "A prisoner has no liberty interest in remaining in the general population." *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995). A liberty

interest exists when prison officials restrain the freedom of inmates in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In *Sandin*, the Court held that a prisoner's sentence of thirty days of segregated confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. In *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1998), the Seventh Circuit determined that a prison inmate's 70-day confinement in disciplinary segregation was not an "atypical and significant" deprivation of prisoner's liberty and thus did not implicate liberty interest protected under due process clause. In *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005), the Seventh Circuit affirmed the dismissal of the plaintiff's due process claim under Rule 12(b)(6) even after he spent 90 days in disciplinary segregation. *Lekas* described the conditions in disciplinary segregation as:

> inability to participate in prison programs, inability to participate in educational programs, inability to participate in work programs an resulting loss of prison employment and wages, loss of contact visits, loss of telephone usage, inability or substantially curtailed ability to receive visits from family, inability to attend church, no visits from clergy, drastic reduction in exercise privileges and in commissary access both in terms of frequency and the types of items allowed, drastic reduction in the number and nature of personal items that prisoners are allowed to have in their possession, and no access or very little access to audio/visual items.

*Id.* at 610.

In *Marion v. Columbia Correctional Institution*, 559 F.3d 693 (7th Cir. 2009), the Seventh Circuit discussed the limited interest a prisoner has in

Page 3 of 5

avoiding disciplinary segregation and summarized its prior holdings on the issue. The court "noted that six months of segregation is 'not such an extreme term' and, standing alone, would not trigger due process rights." *Id.* at 698 (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995).

In this case, the plaintiff was sentenced to 90 days of disciplinary separation, but only served 44 days before being transferred back to the general population. Additionally, the plaintiff has presented no evidence as part of either round of summary judgment motions regarding any conditions in disciplinary segregation that posed an atypical or significant hardship as compared to ordinary prison life.

The defendants rely on *Mustache v. Johnson*, No. 09-C-18, 2009 WL 1683207, at *3 (E.D. Wis. June 16, 2009), and suggest that the court should consider the number of days served rather than the sentence. However, neither 44 days nor 90 days in disciplinary segregation implicates a liberty interest where, as here, there is no evidence of atypical conditions or significant hardships. The plaintiff had no protected liberty interest, the defendants are entitled to summary judgment on the plaintiff's due process claim, and the plaintiff's cross-motion for summary judgment will be denied.

Accordingly,

IT IS ORDERED that the defendants' second motion for summary judgment (Docket #61) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiff's cross-motion for summary judgment (Docket #67) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is DISMISSED on its merits.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2013.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 5 of 5